

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-28-2007

# USA v. DeSarro

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4964

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"USA v. DeSarro" (2007). *2007 Decisions.* Paper 1421.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/1421

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———

No. 05-4964

———

UNITED STATES OF AMERICA

v.

FRANK A. DESARRO,

Appellant

———

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Criminal No. 04-cr-00181-1)
District Judge: Honorable Arthur J. Schwab

———

Submitted pursuant to Third Circuit LAR 34.1(a)
January 26, 2007

———

Before: SCIRICA, Chief Judge, FUENTES and CHAGARES, Circuit Judges.

(Filed: March 28, 2007)

———

OPINION OF THE COURT

———

FUENTES, Circuit Judge.

Frank Desarro appeals his conviction for mail fraud, claiming that the evidence

was insufficient to support the jury's verdict that: (1) the mailing relied on by the government was in furtherance of mail fraud; and (2) he caused the mailing to be sent. For the reasons that follow, we will affirm.

## I.

As we write for the parties, we recount only those facts necessary to the claims on appeal.

Frank Desarro owned a residential building at 2300 Greentree Road in Pittsburgh, Pennsylvania ("2300 Greentree"). In September 2003, Desarro offered one of his tenants $10,000 to set fire to 2300 Greentree. Desarro suggested that the tenant place a candle in the stairwell of the building in order to start the fire. The tenant refused and subsequently moved out of the residence. In October 2003, when returning to retrieve his belongings, the tenant observed evidence that a fire had been started in the stairwell of the property. Soon thereafter, on November 1, 2003, the fire department responded to a second, more damaging fire at the building. The Allegheny County Fire Marshal's Office determined that the second fire was started deliberately in the building's stairwell. A government investigation was commenced in which the tenant wore a wire to record conversations with Desarro.

Subsequent to the November fire, Desarro submitted a claim for insurance coverage to Erie Insurance Exchange ("Erie"), which provided fire insurance to Desarro for 2300 Greentree. In February 2004, Desarro was questioned under oath by Erie's attorney in connection with his claim. In this examination, Desarro repeatedly stated that

he did not set fire to the building and that he never asked anyone to do so. He also stated that he had never spoken to anyone about setting fire to the building. At this examination, Erie sought information from Desarro about his personal financial condition and his financial dealings around the time of the fire. According to Erie, such information had a bearing on its assessment of Desarro's possible motive for starting the fire.

Desarro did not submit the documentation pertaining to his claim. Erie began a correspondence with Desarro and his attorney that included a February 23, 2004 letter requesting the personal financial information. On March 11, 2004, Desarro's attorney replied to Erie (the "March 11 letter"), stating that he and Desarro believed that such documentation was not needed to process Desarro's claim. This letter stated that Desarro would not produce personal information not directly related to the fire. Noting that Erie's attorney had accused Desarro of starting the fire, the letter requested any evidence supporting such an accusation. Moreover, the March 11 letter requested other documentation relevant to processing Desarro's claim. Erie eventually denied Desarro's claim.

On July 21, 2004, Desarro was indicted for using the mail in furtherance of a scheme to defraud Erie, in violation of 18 U.S.C. § 1341. After a jury trial, Desarro was found guilty. Desarro moved for a judgment of acquittal, but the District Court denied the motion and imposed a sentence of twelve months and one day. Desarro appeals the conviction. We have jurisdiction under 28 U.S.C. § 1291.

**II.**

To support a conviction under the federal mail fraud statute, 18 U.S.C. § 1341, the government must establish beyond a reasonable doubt: "(1) the existence of a scheme to defraud; (2) the use of the mails . . . in furtherance of the fraudulent scheme; and (3) culpable participation by the defendant . . . ." United States v. Dobson, 419 F.3d 231, 236-37 (3d Cir. 2005).

Desarro contends that the evidence presented by the government was insufficient to prove the second element of mail fraud—i.e., the use of the mails in furtherance of a scheme to defraud. This element requires the government to show that the use of the mails was "for the purposes of executing the scheme," and that the mailing was "knowingly cause[d]" by the defendant. United States v. Tiller, 302 F.3d 98, 101 (3d Cir. 2002). Desarro contends that the letter relied on in this case, the March 11 letter, was insufficient on both grounds. First, he argues that the March 11 letter was not for the purposes of executing the fraud because the letter, in fact, *refused* Erie's requests for documentation necessary to his claim. Second, Desarro argues that he did not knowingly cause the mailing of the March 11 letter because the letter was mailed by his attorney.

In reviewing Desarro's challenge, we "consider the evidence in the light most favorable to the verdict and ask whether a reasonable jury could have found that the contested elements were proven beyond a reasonable doubt." United States v. Hull, 456 F.3d 133, 141 (3d Cir. 2006) (quoting United States v. Cohen, 301 F.3d 152, 156-57 (3d Cir. 2002)). In this case, we conclude that a reasonable jury could have found beyond a reasonable doubt that the March 11 mailing was "in furtherance of" a scheme to defraud

and that Desarro "knowingly caused" the letter to be sent.

First, a reasonable jury could have determined that the March 11 letter was sent for the purposes of executing Desarro's scheme to defraud. Although the letter refused to provide Erie with the requested personal documentation, it stated Desarro's belief that the evidence already provided to Erie was sufficient to support his claim. The March 11 letter can therefore be reasonably viewed as Desarro's attempt to successfully process his claim without providing further documentation. Moreover, Erie's attorney stated that the documentation was requested in order to determine whether Desarro had a motive to set fire to 2300 Greentree. Thus, it was possible for the jury to infer that Desarro refused to send this information in order to prevent Erie from concluding he had such a motive. Accordingly, a reasonable jury might have found that the March 11 letter was mailed "in furtherance of" Desarro's scheme to defraud.

Second, a jury might have found that Desarro "knowingly caused" the use of the mails. As the government points out, Desarro did not need to place a letter in the mailbox to have knowingly caused a mailing in furtherance of his scheme to defraud. Instead, Desarro need only have performed "an act with knowledge that the use of the mails [would] follow in the ordinary course of business, or where such use [could] reasonably be foreseen, even though not actually intended." Tiller, 302 F.3d at 101 (quoting Pereira v. United States, 347 U.S. 1, 8-9 (1954)). Whether or not intended, it was reasonably foreseeable that, upon Desarro's filing of an insurance claim,

-5-

correspondence by mail would ensue. This is especially true because Erie's attorney told Desarro that Erie would require supplemental personal documentation. Furthermore, Desarro's attorney sent the March 11 letter in response to Erie's letter to Desarro, and apparently after consultation with Desarro. The jury might have inferred that Desarro instructed his attorney to send the letter, or that, after consultation with his attorney, a subsequent mailing to Erie was reasonably foreseeable.

## III.

For the foregoing reasons, we conclude that the evidence presented at trial was sufficient to support the jury's verdict. A reasonable jury could have concluded that Desarro caused the March 11 mailing in furtherance of a scheme to defraud Erie. Accordingly, we will affirm the conviction.